Opinion issued October 4, 2007

















In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00377-CV





ZEE MASWADI D/B/A #1 DISCOUNT GIFT & CARDS, Appellant


V.


UNILEV MANAGEMENT CORP., AGENT FOR MAYDE PARTNERS,
LTD., Appellee





On Appeal from the 11th District CourtHarris County, Texas

Trial Court Cause No. 2005-49792





MEMORANDUM OPINION 


Unilev Management Corp., appellee, sued Zee Maswadi, appellant, for breach
of contract when Maswadi allegedly violated the terms of a commercial lease. 
Maswadi contends that the trial court erred in granting Unilev's motion for summary
judgment. We dismiss for want of jurisdiction.

Background

In May 2004, Unilev, which owned a shopping center in Katy, entered into a
three-year lease agreement with Maswadi. Later that year, Maswadi stopped making
his monthly rent payments and vacated the premises. In August 2005, Unilev sued
Maswadi for breach of contract, seeking past-due and future rent and other damages. 
Maswadi was served and filed a pro se answer generally denying all of Unilev's
allegations. Unilev then filed a motion for summary judgment, which the trial court
granted, and the court entered a final judgment on February 1, 2006. (1) 

Two weeks after the final judgment was entered, Maswadi filed a response to
Unilev's motion for summary judgment. He later filed an amended answer and
counterclaim. On March 8, 2006, the trial court entered another final judgment,
identical to the first except for the date. Maswadi filed a motion for new trial, which
the trial court denied, and, on April 7, 2006, Maswadi noticed this appeal.

Jurisdiction

A trial court has plenary power to grant a new trial or to vacate, modify,
correct, or reform a judgment within 30 days after the judgment is signed. See Tex.
R. Civ. P. 329b(d). A party can invoke that power by motion. See id. 329b(a), (g). 
However, once the court loses plenary power, it may not set a judgment aside other
than by bill of review for sufficient cause. See id. 329b(f). Maswadi never made a
motion of any kind with regard to the first summary judgment order, and the second
order was issued 35 days after the first; therefore, the trial court had lost plenary
power. Accordingly, the second summary judgment order is a nullity and cannot
form the basis of either an effective motion for new trial or an appeal.

A notice of appeal must be filed within 30 days after the appealed-from
judgment is signed, with certain exceptions that do not apply here. See Tex. R. App.
P. 26.1. The final judgment was entered on February 1, and Maswadi's notice of
appeal was filed on April 7--65 days after the final judgment was entered, and was,
thus, untimely.

Conclusion

We dismiss Maswadi's appeal for want of jurisdiction.


 George C. Hanks, Jr.

 Justice



Panel consists of Justices Taft, Hanks, and Higley.
1. Maswadi contends that "no one paid any attention, no notice was sent to anyone, the docket
sheet doesn't reflect a judgment was granted but, rather that the motion was re set and
obviously as not the intent of the court to be a judgment." While this may be accurate, the
record reflects that there was a signed final judgment. Absent an attack on or removal of the
judgment, the signing of the judgment affected the trial court's plenary power.